IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ENRIQUE DIAZ | § | |
| v. | § | CIVIL ACTION NO. 6:07cv174 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Enrique Diaz, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Diaz was convicted of the disciplinary offense of sexual misconduct. He was charged with masturbating and refusing to stop when ordered by Officer Patrice Wheeler to do so. Diaz asserts that he has a medical condition of urinary bleeding and clotting, and that he was not masturbating but rather administering self-care for this condition.

The Magistrate Judge ordered the Respondent to answer the petition. Diaz filed a response to the answer. The Respondent also furnished copies of the state court records.

After review of the pleadings and records, the Magistrate Judge issued a Report on October 24, 2007, recommending that the petition be dismissed. The Magistrate Judge noted that although Diaz argued that he was not masturbating but rather engaging in self-care for a medical condition, the federal courts could not retry the disciplinary case and believe Diaz's evidence instead of that of the charging officer, who testified at the hearing that Diaz was masturbating. The Magistrate

Judge rejected Diaz's contention that the courts must examine the evidence and testimony in prison disciplinary matters on a case-by-case basis to see if these have an "indicia of reliability."

Next, the Magistrate Judge stated that Diaz's complaint that a sergeant named Rhoads was allegedly present at the hearing and "intimidated" the hearing officer, Captain Deel, was simply a bald assertion, lacking support in the record, and this had no probative value. The fact that Diaz had a medical condition was stipulated to at the hearing, and the Magistrate Judge rejected Diaz's assertion that Deel was not impartial. Finally, the Magistrate Judge rejected Diaz's contentions that he had been subjected to cruel and unusual punishment and that he was denied evidence from the medical department; although it was not disputed that Diaz did have a medical condition, the Magistrate Judge noted that this fact alone did not preclude a conclusion that Diaz was in fact masturbating. The Magistrate Judge therefore recommended that Diaz's petition be dismissed and that Diaz be denied a certificate of appealability.

Diaz filed objections to the Magistrate Judge's Report on November 26, 2007. In his objections, Diaz first says that the charging officer's report and testimony had no "indicia of reliability," and thus did not constitute "some evidence" of his guilt. As stated by the Magistrate Judge, there is no requirement that the courts determine that testimony at prison disciplinary hearings have any particular "indicia of reliability," other than in the limited circumstances involving confidential informants. A search for "indicia of reliability" is in effect a request for a *de novo* factual review, which the Fifth Circuit has specifically said is not required. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981).[1] This objection is without merit.

Second, Diaz objects to the Magistrate Judge's conclusion that he was denied an impartial hearing officer. He says that the stipulation as to the medical evidence was done "to undermine his defense," that the hearing officer allowed Rhoads, whom he describes as "Wheeler's boyfriend," to attend the hearing, and the hearing officer refused to consider Diaz's evidence. Diaz has not shown

---

[1] The record shows that Officer Wheeler provided eyewitness testimony in support of the charge; even were "indicia of reliability" required, Diaz offers no reason why this testimony would not meet such a standard.

that he was harmed by the fact that the medical evidence was stipulated to or by the alleged presence, even if true, of Sgt. Rhoads at the hearing. The fact that he was convicted of the charge does not show that his evidence was not considered. This objection lacks merit.

Third, Diaz says that the disciplinary action "shocks the conscience" because he was punished for engaging in self-care. As above, this claim essentially says that the Magistrate Judge should have conducted a *de novo* factual review, believed Diaz's evidence rather than that of the charging officer, and overturned the case based on Diaz's version of events. Such action is beyond the scope of federal habeas review of prison disciplinary cases, and this Court cannot second-guess the credibility determinations made by the disciplinary hearing officer. *See* McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983) (in the context of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making); *accord*, Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 457 (1985). His objection on this point is without merit.

Fourth, Diaz says that he was denied relevant, exculpatory material from the medical department, and that he received instead a "misleading and harmful statement." This statement made clear that Diaz suffers from blood clots in his urethra, but that masturbating or exposing himself would not be a required treatment. Diaz fails to show anything incorrect or "misleading" about this statement, nor does he show what evidence could have been produced which would have been beneficial to him. As the Magistrate Judge observed, the fact that he has a medical condition of blood clots in the urethra does not preclude him from masturbating, and so the medical department could not have provided a statement definitively saying that he was not guilty or could not have been guilty. This objection is without merit.

In his fifth objection, Diaz again says that the Magistrate Judge should have upheld his claim of cruel and unusual punishment under the Eighth Amendment. This objection lacks merit for the reasons stated above.

In his sixth objection, Diaz complains that the Magistrate Judge failed to consider his request to expand the record to include the medical pass which he received from Dr. Orig. He says that this pass, issued on December 22, 2006, demonstrates the existence, treatment, and recognition of his medical condition by the unit medical staff. These passes state that they are issued for "self care of urinary clots." The fact of Diaz's medical condition was stipulated to at the hearing, and not questioned by the Magistrate Judge; as noted above, however, the fact that Diaz has a medical condition, and must engage in self-care, does not preclude the conclusion that he was masturbating on this particular occasion. Some evidence was offered to support the finding that he was engaged in sexual misconduct, and Diaz has not shown any other due process violations, and so his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer of the Respondent, the Petitioner's response to the answer, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Enrique Diaz is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of December, 2007.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**